IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 1:13CR411 |
| | ) | |
| v. | ) | Honorable Gerald Bruce Lee |
| | ) | |
| THOMAS WOODROW CONNER, | ) | Sentencing Hearing: July 8, 2014 |
| | ) | |
| Defendant. | ) | |
| | ) | |

**POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, through its attorneys, Dana J. Boente, United States Attorney, and Adam B. Schwartz, Assistant United States Attorney, respectfully submits this Position of the United States With Respect to Sentencing. The United States respectfully submits that a sentence of 48 months is reasonable and appropriately accounts for each of the factors set forth in 18 U.S.C. § 3553(a), and accordingly requests that this Court impose such a sentence. The government does not seek a fine in this matter. However, a $100 mandatory special assessment is required.

BACKGROUND

On August 28, 2013, the defendant was charged by criminal complaint with conspiracy to distribute Oxycodone and Oxymorphone, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. He was subsequently indicted for the same offense. On January 13, 2014, the first day of his scheduled trial, the defendant appeared before the Court and entered a plea of guilty to the single-count indictment, pursuant to a written plea agreement with the government. The defendant acknowledged in his statement of facts and plea agreement that he was

responsible for the distribution of at least 2,640 Oxymorphone pills and 90 Oxycodone pills. The statutory maximum penalties for the offense are twenty years imprisonment, a $1,000,000 fine, a $100 special assessment, and at least three years of supervised release.

In accordance with Section 6A1.2 of the Guidelines and Policy Statements and this Court's policy regarding guideline sentencing, the United States hereby represents that it has reviewed the Probation Office's Presentence Investigation Report ("PSR") prepared in this matter. The government agrees that the defendant qualifies for the two-level "safety-valve" reduction and an additional two-level reduction in offense level in anticipation of forthcoming changes to § 2D1.1. If the Court agrees, the result would be an Adjusted Offense Level of 22 with a criminal history category of I, which carries a range of 41-51 months.

## ARGUMENT

Even though the Sentencing Guidelines are advisory, *United States v. Booker* provides that sentencing courts "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 125 S. Ct. 738, 767 (2005). "[A] district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553 states that the Court should consider the nature and circumstances of the offense and characteristics of the defendant. The Court must also consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the

public from further crimes of the defendant and provide the defendant with needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). Finally, the sentence should address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The defendant is the eighth person to plead guilty in this prescription narcotics conspiracy. The defendant dealt over 2,700 prescription painkillers which made their way through his co-conspirators to young users that developed devastating addictions. This defendant was one of the primary suppliers of the pills in this conspiracy. He used his long-standing back injury to obtain multiple prescriptions and then sold the bulk of the pills he received for financial gain. The government was prepared to show at trial that the defendant, who is unemployed and subsists on government disability, utilized the cash he made from this conspiracy to finance cars, a motorcycle, and improvement to his home. The members of this conspiracy below Mr. Conner, specifically John Jacobs and Robert Eric Lewis, each received 48-months of incarceration. The pills that John Jacobs to Robert Eric Lewis sold came directly from this defendant. Mr. Conner benefits from a two-level reduction in the drug guidelines that his co-conspirators did not receive, but his sentence should nonetheless be comparable to the sentences of those other defendants. A sentence of 48-months is an appropriate sentence.

There are factors besides the defendant's position in the chain of supply that suggest a 48 month sentence is appropriate. This defendant is at least twenty years older than related defendants Robert Eric Lewis, Dustin Snapp, and Bruce Horton, but his age did not deter him from the instant criminal conduct. Moreover, the government's position is that the defendant was not motivated to sell Oxycodone and Oxymorphone because of an opiate addiction like many of the other defendants in this conspiracy. His motivation to sell pills was largely

financial. The defendant undoubtedly suffers from significant health problems, but those health issues should not impact the Court's sentence. The defendant suffered from those health problems during the course of his oxycodone trafficking. Indeed, those health problems facilitated the offense. It was his back injury that allowed him to get the prescription drugs he would then sell. The defendant's willingness to sell his prescription painkillers rather than use them himself should give the Court pause when considering a more lenient sentence in light of the defendant's health. Given the defendant's acceptance of responsibility, personal characteristics, and criminal history, the government submits that a sentence of 48 months will reasonably and appropriately account for all the factors set forth in 18 U.S.C. § 3553(a). Such a sentence would provide significant deterrence for this defendant, while also communicating the seriousness and dangerousness of this offense to the public and to others engaged in similar criminal conduct.

## CONCLUSION

For all of the above reasons, the United States respectfully submits that a sentence of 48 months would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

Respectfully submitted,

DANA J. BOENTE
United States Attorney

\_/s/_____
ADAM B. SCHWARTZ
Assistant United States Attorney
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314

4

Phone: 703-299-3700
Fax: 703-299-3980
adam.schwartz@usdoj.gov

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of July, 2014, I provided an electronic copy of the foregoing pleading to the United States Probation Officer and filed electronically the same using the CM/ECF system, which will send a notification of such filing (NEF) to the defense counsel of record.

                                                                __/s/_____
                                                                Adam B. Schwartz
                                                                Assistant United States Attorney
                                                                United States Attorney's Office
                                                               Justin W. Williams U.S. Attorney's Building
                                                               2100 Jamieson Avenue
                                                               Alexandria, Virginia 22314
                                                               Phone: 703-299-3700
                                                               Fax: 703-299-3980
                                                               adam.schwartz@usdoj.gov